IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM RHEW III,<br><br>Defendant, | Civil Action No. |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## SUMMARY

1. This matter involves an investment fraud and Ponzi scheme perpetrated by defendant William Rhew, III ("Rhew" or "Defendant"), a resident of Greensboro, North Carolina, who raised approximately $28 million from approximately 130 investors. The funds were raised through Chadley Capital, LLC ("Chadley Capital"), an entity controlled by Rhew.

2. Beginning in at least November 2017 and continuing through at least

December 2023, Defendant solicited investments in the form of notes, described as "Subordinated Debt Offerings," issued by Chadley Capital. Defendant represented to investors that Chadley Capital offered guaranteed annual returns of 18% to 48% through purported private investments in manufacturing debts. In fact, Chadley Capital did not hold any interests in manufacturing debts as represented by Defendant.

3. Defendant made misrepresentations in selling the investments. Defendant misrepresented the intended use of investors' funds. Defendant operated the investment program as a Ponzi scheme, and misappropriated funds for Defendant's lavish lifestyle, and to fund the operating expenses of an unrelated retail business that he owned and controlled. Among other things, Defendant used investor funds to purchase personal items, including flights on a private jet, a waterfront home, a Mercedes automobile and the purchase of a pleasure boat. Defendant provided periodic account statements to investors. The statements generally reflected profits and increased asset values. Those statements were fictitious.

4. The foregoing conduct constitutes violations by Defendant of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## DEFENDANT AND RELATED PARTIES

A. Defendant

5. **William Rhew III**, is a resident of Greensboro, North Carolina. Rhew is the sole member/owner of Chadley Capital and is the president/owner of Chadley Management.

B. Related Parties

6. **Chadley Capital LLC**, is incorporated in Delaware and has its principal place of business in Dover, Delaware. On March 25, 2024, Rhew consented to an involuntary Chapter 7 bankruptcy petition against Chadley Capital filed by several of its investors. Chadley Capital is not registered with the Commission in any capacity.

7. **Chadley Management, Inc. d/b/a Spartan Safe** ("Chadley Management") is a North Carolina corporation with its principal place of business in Kernersville, North Carolina. From 2018 to 2022, Chadley Management operated retail stores in several states that specialized in selling gun safes. Chadley Management ceased operations in November 2022 and filed a voluntary Chapter 7 bankruptcy petition on December 8, 2022. Chadley Management has never been registered with the Commission.

# JURISDICTION AND VENUE

8. The Commission brings this action pursuant to the authority conferred upon it by Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

9. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)].

10. In connection with the transactions, acts, practices, and courses of business described in this Complaint, Defendant, directly and indirectly, made use of the means and instruments of transportation or communication in interstate commerce or the means and instrumentalities of interstate commerce, or the mails, including cell phones and the use of interstate banks.

11. Venue is proper in this district as Defendant resides within this district. Further, many of the acts complained of herein occurred within this district.

# THE FRAUDULENT SCHEME

12. From at least November 2017 to at least December 2023, Defendant operated a Ponzi scheme involving the offer and sale of securities in the form of promissory notes ("the Notes") issued by Chadley Capital, based on Defendant's

representation that the funds would be used to purchase manufacturing debt, described as "accounts receivable factoring," and would provide returns of 18 to 48% per year.

13. The Notes were denoted "Subordinated Note" and generally had maturities of one year, although some had maturities of 6 to 9 months. Upon a note's maturity date, Rhew offered to roll the investor's combined principal and interest into a new note. Because Rhew had been able to pay investors their promised returns until late 2022, most investors agreed to reinvest their earnings.

14. Section 2 of the Notes provided that the company would use the proceeds "to facilitate asset acquisitions and comprehensive participation in the general funds of Chadley Capital LLC."

15. Defendant also offered, and paid, a 2.5% referral bonus to existing Chadley Capital investors who brought in new investors.

16. Beginning in late 2022, Defendant used offering materials entitled the Chadley Capital LLC Investor Presentation ("Investor Presentation") in offering and selling the Notes. The Investor Presentation represented that, "With a core focus on the $3 trillion global factoring industry, Chadley Capital has carved out a niche operation within the space, primarily driven through the acquisition of (not lending against) its clients' invoices."

5

17. The Investor Presentation further represented that Chadley Capital buys the receivables (credit invoices) of small and medium sized businesses and lends the businesses money for a fee.

18. These representations were false. Chadley Capital did not have a material operation in the global factoring industry, niche or otherwise, and did not have a business buying credit receivables and lending funds to companies.

19. The Investor Presentation further claimed that Chadley Capital had increased its factoring revenue from $100 million in 2019 to $300 million in 2023, and that its rapid growth had provided investors with consistent returns in excess of 20% per year. These representations were false. Chadley Capital did not have the claimed revenue. The "consistent returns" were paid to investors by misappropriating other investors' funds.

20. The Investor Presentation stated under "Use of Proceeds" that the investor funds would be "to provide working capital for the purchase of discounted credit receivables…." Defendant made similar claims orally.

21. In fact, throughout the scheme, Defendant did not use the investor proceeds as represented. Instead, Defendant used funds from investors to make payments to earlier investors, to finance his personal lifestyle, or to operate another business owned by him.

6

22. Among other things, Defendant used investor proceeds to buy an expensive waterfront home, to buy flights on private jets, to buy automobiles, including at least one Mercedes, and to buy a pleasure boat.

23. Defendant raised approximately $28 million from approximately 130 investors through the scheme, including at least $21.8 million after January 2019. Of the amount raised after January 2019, Defendant used $11.1 million to pay returns to earlier investors; transferred $4.6 million directly to fund the operating expenses of Chadley Management; and made various other payments to support that retail business and pay personal expenses.

24. As of the date of this Complaint, most of the funds appear to have been dissipated. Defendant provided checks and initiated wires to investors purporting to be returns, but most if not all of those checks and wires have been returned for insufficient funds.

## COUNT I

**Violations of Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]**

25. Paragraphs 1 through 24 above are hereby realleged and are incorporated by reference.

26. From at least November 2017 through at least December 2023, Defendant, in the offer and sale of the securities described herein, by the use of means

7

and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, employed devices, schemes and artifices to defraud purchasers of such securities, all as more particularly described above.

27. Defendant knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud.

28. By reason of the foregoing, Defendant, directly and indirectly, violated and, unless enjoined, will continue to violate, Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT II

### Violations of Sections 17(a)(2) and (a)(3) of the Securities Act
### [15 U.S.C. §§ 77q(a)(2) and (a)(3)]

29. Paragraphs 1 through 24 are hereby realleged and are incorporated by reference.

30. From at least November 2017 through at least December 2023, Defendant, in the offer and sale of securities described herein, by use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly:

    a. obtained money and property by means of untrue statements of material fact and omissions to state material facts necessary in order to

8

make the statements made, in light of the circumstances under which they were made, not misleading; and

  b. engaged in transactions, practices and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities, all as more particularly described above.

31. By reason of the foregoing, Defendant, directly and indirectly, violated and, unless enjoined, will continue to violate, Sections 17(a)(2) and (a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## COUNT III

### Violations of Section 10(b) of the Exchange Act
### [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5]

32. Paragraphs 1 through 24 above are hereby realleged and incorporated by reference.

33. From at least November 2017 through at least December 2023, Defendant, in connection with the purchase and sale of securities described herein, by the use of the means and instrumentalities of interstate commerce and by use of the mails, directly and indirectly:

  a. employed devices, schemes, and artifices to defraud;

  b. made untrue statements of material facts and omitted to state

9

material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

   c.  engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities,

all as more particularly described above.

  34. Defendant knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business.

  35. By reason of the foregoing, Defendant, directly and indirectly, violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays for:

### I.

Findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that Defendant committed the violations alleged.

**II.**

Permanent injunctions enjoining Defendant from violating, directly or indirectly, or aiding and abetting violations of, the laws and rules alleged to have been violated in this complaint, and from participating in the issuance, purchase, offer, or sale of any security (except purchase and sales from his personal account).

**III.**

An order pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] prohibiting Defendant, from acting as officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**IV.**

An order requiring the disgorgement by Defendant of all ill-gotten gains or unjust enrichment with prejudgment interest, to effect the remedial purposes of the federal securities laws.

**V.**

An order pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] imposing civil penalties against Defendant.

## VI.

An order requiring Defendant to provide an Accounting.

## VII.

Such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

Respectfully submitted this 23rd day of September, 2024.

/s/ William P. Hicks
William P. Hicks
Senior Trial Counsel
Georgia Bar No. 351649
hicksw@sec.gov

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
loomism@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission
950 East Paces Ferry Road, NE,
Suite 900
Atlanta, Georgia 30326-1232
Tel: (404) 842-7600